895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),
AFL-CIO and UAW Local No. 12, AFL-CIO,
Plaintiffs-Appellees,
v.
SHARON MANUFACTURING CO., Defendant-Appellant.
 No. 89-3521.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1990.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Sharon Manufacturing Co., appeals from a district court order partially vacating an arbitrator's award. The arbitrator had found in favor of the plaintiff unions on the question whether the company had violated the collective bargaining agreement to which the parties were subject. The remedy ordered by the arbitrator was not to the unions' liking, however, and they filed suit in district court seeking to have it overturned. Finding that the remedy conflicted with express terms of the labor agreement, the district court granted summary judgment for the unions. The company contends on appeal that the district court ought to have enforced the arbitrator's award. We agree, and we shall direct that the award be reinstated.
 
 
 2
 * Article XIV, Sec. 10, of the collective bargaining agreement stated that "[o]vertime will be equalized on a yearly basis within the Skilled Trades classification as nearly as possible." In a grievance presented in 1988, it was alleged the hours of overtime in the company's tool and die area had not been properly equalized in 1987. The grievants asked for a monetary award to make up for the overtime that ought to have been offered to them in 1987 but wasn't.
 
 
 3
 The grievance proceeded to binding arbitration. On July 11, 1988, the arbitrator concluded that the company had violated the overtime equalization provision. The contract was silent as to the appropriate remedy, in the arbitrator's view, and instead of awarding money damages, he ordered the company "to offer any and all overtime to the grievants based on their 'standings' as of the end of 1987." This form of equalization was to continue to June 30, 1989, if the grievants' overtime deficiencies had not been made up before then.
 
 
 4
 The unions sued to have this branch of the award set aside in favor of an order directing the company to pay the employees for the overtime they should have been offered in 1987. The unions did not contemplate that the employees would be required to perform any overtime work in return. The remedy ordered by the arbitrator would have required the employees to earn their overtime pay by putting in additional time in 1988 or 1989. The unions maintained that this was in direct conflict with the contractual requirement that overtime be equalized on a yearly basis.
 
 
 5
 The company does not contest the finding that there was a breach of the equalization provision, but argues that the arbitrator did not exceed his powers in fashioning the remedy he did.
 
 II
 
 6
 The standard of review applicable to a labor arbitrator's decision is "among the narrowest known to the law." Litvak Packing Co. v. United Food & Com. Wkrs., Loc. No. 7, 886 F.2d 275, 276 (10th Cir.1989). The Supreme Court recently put it thus:
 
 
 7
 "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 [T]he arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l. Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987) (citations omitted).
 
 
 14
 Particular deference is paid to the arbitrator's decision on what the remedy should be. Although the parties may limit the discretion of the arbitrator by contract, absent any such limitation the arbitrator "is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies." Misco, 484 U.S. at 41 (emphasis in original), quoting United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960).
 
 
 15
 In extending the time for equalizing overtime rather than awarding back pay, did the arbitrator in the present case "ignore the plain language of the contract"? Misco, 484 U.S. at 38. The unions claim that the arbitrator's remedy contradicted Art. XIV, Sec. 10, of the contract--the same provision that was violated by the company. The unions contend that because the contract requires equalization on a "yearly" basis, it precludes a remedy that would effectively extend the period in which the company had to equalize overtime.
 
 
 16
 But the violation of Sec. 10 was a fait accompli before the arbitrator appeared on the scene. He could not undo that which had already been done--all he could do was try to devise an appropriate way of compensating for it. The contract did not say what form that compensation ought to take, and the arbitrator had no choice but to "bring his informed judgment to bear," in the words of Misco, "in order to reach a fair solution of [the] problem." In such a situation, as we have seen, the arbitrator's judgment is entitled to great deference. It was the arbitrator's judgment, not the courts', that the parties bargained for.
 
 
 17
 In formulating remedies, "the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency." Enterprise Wheel, 363 U.S. at 597. The remedy ordered here is not without precedent, which suggests that the arbitrator did not abuse his discretion. In Price Brothers Co., 76 Lab.Arb. (BNA) 10 (1980), arbitrator Morris G. Shanker, a professor of law at Case Western Reserve University, required an employer to offer overtime in the future to an employee improperly denied it in the past. He noted that awarding overtime pay would "require the Company to pay for work which it never obtained and, indeed, to pay for it at premium rates. Absent something in the Labor Contract which requires the payment of this kind of penalty, it is hard to justify it." Id. at 13.
 
 
 18
 The unions argue that Sec. 10 of the contract requires the payment of such a penalty here, but it is far from self-evident that Sec. 10 was intended to prescribe a particular remedy for its breach. Unless the contract is "plain and unambiguous"--which this contract is not, as far as the matter of a remedy is concerned--the arbitrator's reading must be accorded deference. See General Telephone Co. v. Communications Workers of America, 648 F.2d 542, 547 (6th Cir.1981).
 
 
 19
 The unions cite no case where an arbitrator's interpretation was rejected in this kind of situation. International Bhd. of Electrical Workers, Local 429 v. Toshiba America, Inc., 879 F.2d 208 (6th Cir.1989), is not on point. There we overturned an arbitrator's reinstatement of several employees only because the collective bargaining agreement expressly ruled that remedy out. The agreement provided that:
 
 
 20
 "Any disciplinary action, including discharge taken as a result of a violation of [the no-strike clause] ... shall not be altered or amended in the grievance and arbitration procedures, the sole issue for presentation to the arbitrator and decision by him being whether or not the employees engaged in conduct in violation of [the no-strike clause] without modification of the penalties imposed by the arbitrator and the award."
 
 
 21
 Id. at 210. No comparable limitation on the arbitrator's authority was written into the agreement at issue here.
 
 
 22
 The judgment of the district court is REVERSED, and the case REMANDED for entry of a judgment reinstating the arbitrator's award.
 
 
 
 *
 The Honorable William O. Bertelsman, District Judge for the Eastern District of Kentucky, sitting by designation